RALPH G. SMITH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Smith v. Commissioner
Docket No. 7229-88.
United States Tax Court
T.C. Memo 1989-132; 1989 Tax Ct. Memo LEXIS 132; 56 T.C.M. (CCH) 1566; T.C.M. (RIA) 89132; March 29, 1989. Randall G. Durfree, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined deficiencies in and additions to petitioner's Federal income tax in the amount and for the years as follows: Section [1]
Section
Section
Section
Section
Year
Deficiency
6651
6653(a)(1)
6653(a)(2)
6654
6661
1982
$ 6,263
$ 1,566
$ 313
*
$ 610
--
1983
3,208
802
160
*
229
$ 1,469
After dismissal *133 of the issues raised in the deficiency notice, the issue is whether petitioner has unreported wage income and is subject to the additions to tax as determined by respondent in his amendment to his answer for 1983. FINDINGS OF FACT Petitioner Ralph Smith (Mr. Smith) was a resident of Las Vegas, Nevada at the time the petition herein was filed, and was employed as a dealer in a casino located in the Tropicana Hotel in Las Vegas, during the taxable year at issue. Mr. Smith earned tip as well as wage income during 1983, but did not file an income tax return for such year. Statutory notices of deficiencies for 1982 and 1983 were sent to Mr. Smith on January 15, 1988. On April 12, 1988, Mr. Smith filed a petition, and on May 31, 1988, respondent filed an answer denying allegations made in such petition. On November 29, 1988, we granted respondent's motion for leave to file an amendment to his answer. His amended answer made a determination of an increased deficiency in and additions to Mr. Smith's tax as previously determined for the 1983 taxable year and asserted an addition to tax under section 6661 for 1983. The deficiency in and additions to tax for 1983 as increased are as *134 follows: Section
Section
Section
Section
Section
Year
Deficiency
6651
6653(a)(1)
6653(a)(2)
6654
6661
1983
$ 5,877
$ 1,469
$ 294
*
$ 359
$ 1,469
The increased deficiency and additions to tax for 1983 were based on unreported wage income as reflected in Mr. Smith's Form W-2 in the amount of $ 8,842 for such year. Mr. Smith was served a notice setting this case for trial on August 19, 1988, more than 5 months prior to trial. In our "standing pre-trial order" attached to this notice, both parties were warned that failure by one party to stipulate to the maximum extent possible or be prepared to try his case on the trial date set may cause a dismissal against that party. Respondent made various unsuccessful attempts in December 1988, to correspond with Mr. Smith and agree to a stipulation of facts. Respondent corresponded by mail and scheduled a conference with Mr. Smith that was cancelled by Mr. Smith. Mr. Smith was also warned by respondent that his continued failure to cooperate may result in a dismissal by this Court. This case was called from the *135 trial calendar on January 23, 1989, in Las Vegas, Nevada. Mr. Smith did not appear. Respondent orally moved to dismiss for failure to properly prosecute with respect to the deficiencies in and additions to tax for the years at issue as determined by respondent in his notice of deficiency. Such motion was granted. The trial in this case was in connection with the affirmative allegation, contained in respondent's amendment to his answer, that Mr. Smith received unreported wage income in 1983. OPINION The issue is whether Mr. Smith is liable for increased deficiencies in and additions to tax as determined by respondent in his amended answer. Respondent bears the burden of proof. Rule 142(a). Neither Mr. Smith nor an attorney representing Mr. Smith appeared at trial. Respondent's evidence was a copy of Mr. Smith's Form W-2 for 1983 which indicated that Mr. Smith earned wages of $ 8,842 in 1983 and that no Federal income taxes were withheld from Mr. Smith's wages for 1983. Respondent also established that no return was filed for the year at issue. Accordingly, we hold that Mr. Smith had $ 8,842 of unreported wage income for 1983 and is liable for the increased deficiency in *136 and additions to Federal income tax as asserted by respondent in his amended answer. Although we recognize that Mr. Smith was pro se, we find that he was clearly notified by both the Court and respondent as to the consequences of his failure to stipulate to undisputed facts and his failure to be prepared for trial on the date set for trial. To reflect the foregoing, Decision will be entered for respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954 as amended and in effect during the taxable year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
*. 50 percent of the interest due on the entire deficiencies for taxable years 1982 and 1983. ↩
*. 50 percent of the interest due on the deficiency of $ 5,877.↩